NUMBER 13-04-00329-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

TERRY LEE ELLIOTT,                                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

        On appeal from the County Court of Lavaca County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








After appellant, Terry Lee Elliott, pleaded guilty
to the offense of driving while intoxicated, the trial court (1) found him
guilty, (2) assessed his punishment at 180 days=
confinement in the county jail and a $500 fine, (3) suspended the jail
sentence, and (4) placed him on community supervision for a term of 180
days.  The trial court has certified that
Adefendant=s appeal is in a plea bargain case, but is on
matters that were raised by written motion filed and ruled on before trial, and
the defendant has the right of appeal.@  See Tex. R. App. P. 25(a)(2).  In a single point of error, appellant
contends the trial court erred in denying his motion to suppress the results of
a breath test.  Specifically, appellant
argues that the test results were inadmissible because the officer
administering the test failed to observe him for the statutory fifteen-minute
observation period prior to giving him the test.  See 37 Tex. Admin. Code ' 19.3(c)(1) (1998) (Tex. Dep=t of Pub. Safety, Breath Alcohol Testing
Regs.).  We affirm. 

As this is a memorandum opinion not designated for
publication and because all issues of law presented by this case are well
settled and the parties are familiar with the facts, we will not recite the law
and the facts here except as necessary to advise the parties of our decision
and the basic reasons for it.  See Tex. R. App. P. 47.4.

We review a trial court=s ruling on a motion to suppress evidence under an
abuse of discretion standard.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  We afford almost total deference to the trial
court=s decision in granting or denying a motion to
suppress evidence.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Absent a clear showing of abuse of discretion, we will not set aside the
decision of a trial court regarding a motion to suppress evidence.  Villarreal, 935 S.W.2d at 138.  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  Id.








Evidence of alcohol concentration, as shown by
analysis of a specimen of the person=s breath taken at the request of a peace officer, is
admissible at trial in a driving while intoxicated offense.  Tex.
Transp. Code Ann. ' 724.064 (Vernon 1999).  Breath specimens must be obtained and
analyzed in accordance with the rules adopted by the Texas Department of Public
Safety.  Id. ' 724.016 (Vernon 1999).  The Texas Administrative Code provides: 

[A breath test] operator shall remain in the
presence of the subject at least 15 minutes before the test and should exercise
reasonable care to ensure that the subject does not place any substances in the
mouth.  Direct observation is no longer
necessary to ensure the validity or accuracy of the test result.

 

37 Tex.
Admin. Code '19.3(c)(1) (1998) (Tex. Dep=t. of Pub. Safety, Breath Alcohol Testing
Regs.).  

The term Apresence@ as used in section 19.3 has not been
administratively or legislatively defined; therefore, it must be given its
ordinary and plain meaning.   State v.
Reed, 888 S.W.2d 117, 122 (Tex. App.BSan Antonio 
1994, no pet.).  APresence@ has been defined as Athe
state of being in front of or in the same place as someone or something.@  Id.

Appellant argues that the officer who administered
the breath test did not remain in his presence during the entire fifteen-minute
period before the test.  Appellant
testified he was taken to a holding room or visitation room at the jail immediately
prior to the test and that he remained alone in the room for approximately two
to five minutes.  Appellant asserts the
time he spent in the holding/visitation room constituted time outside the
presence of the administering officer during the mandatory fifteen-minute
period.








The administering officer=s testimony contradicted appellant=s claim that he was placed in a separate room for a
period of time prior to the breath test. 
The officer testified that appellant remained in his presence throughout
the fifteen-minute period preceding the breath test.[1]  Because the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony, we
conclude the trial court did not abuse its discretion in overruling appellant=s motion to suppress.  See Villarreal, 935 S.W.2d at
138.  Appellant=s sole point of error is overruled.

We affirm the trial court=s judgment.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
7th day of July, 2005.











[1]
The officer administering the
breath test was also the arresting and transporting officer.  The time stamp on the officer=s patrol unit videotape recording
indicates that the officer was in the continual presence of appellant as early
as 1:15 a.m., the time of the initial traffic stop.  The time stamp on the officer=s patrol unit videotape recording
further indicates that the officer and appellant arrived at the jail at 1:24:59
a.m.  The time stamp on the breath test
report indicates testing began at 1:39 a.m. (seconds not ascertainable on the
device).